IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| APAC ATLANTIC, INC., | ) | |
| d/b/a HARRISON | ) | |
| CONSTRUCTION COMPANY, | ) | |
| FORMERLY APAC-TENNESSEE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CV-449 |
| | ) | |
| v. | ) | |
| | ) | |
| LAKE DEVELOPERS, II, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of plaintiff's "Motion to Remand to State Court and for Payment of Just Costs, Including Attorney Fees" [doc. 5]. Defendant has filed a response [doc. 6], and plaintiff has submitted a reply [doc. 7]. For the reasons stated herein, the motion will be granted in part and denied in part.

I.

*Forum Selection Clause as Basis for Remand*

This case was originally filed in The Circuit Court for Blount County, Tennessee, and was removed by defendant. The complaint alleges that there is an unpaid balance due and owing on the construction contract entered into between plaintiff and defendant. Plaintiff filed the pending motion for remand on the basis that the forum selection

clause in the parties' contract requires the case to be in state court in Blount County, Tennessee. The forum selection clause in the contract provides: "You agree that the proper jurisdiction and venue for adjudication concerning this contract is Blount County, Tennessee, and you waive any right to jurisdiction and venue in any other place."

"Forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Travelers Prop. & Cas. Co. of Am. v. Centimark, Corp.*, No. 2:04-CV-0916, 2005 WL 1038842, at *1 (S.D. Ohio May 3, 2005) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1136 (6th Cir. 1991)). "The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006). "[A] forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside." *Id*. (citations omitted).

Plaintiff argues that based upon the forum selection clause the parties contractually agreed that the only jurisdiction and venue for the adjudication of any dispute between them would be Blount County, Tennessee and that the parties waived jurisdiction and venue in any other place. Plaintiff relies primarily on *Southeastern Communication Service, Inc. v. Allstate Tower, Inc.*, No. 4:08-CV-13-M, 2008 WL 1746638 (W.D. Ky. Apr. 14, 2008) in support of its interpretation of the parties' forum selection clause. In

2

*Southeastern*, the plaintiff filed its complaint in the federal district court, and the defendant filed a motion to dismiss the complaint contending the forum selection clause precluded the filing of the complaint in federal court because it was not located in Henderson County, Kentucky.

The district court held:

> The majority of courts addressing forum selection clauses with similar language have ruled that where venue is specified in a county that has no federal court, the clause cannot reasonably be interpreted to permit suit in federal court located in a different county. In the present case, the forum selection clause is unambiguous. The clause provides "[t]he exclusive forum for any litigation resulting from this proposal shall be in Henderson County, Kentucky." The clause refers to a specific county and contains no reference to the federal courts. Because there is no federal court located in Henderson County, Kentucky, the express reference to Henderson County could only be intended to mean the state court in Henderson County, Kentucky.

*Id*. at *2 (internal quotation marks and citations omitted).

The district court in *Southeastern* also determined that the forum selection clause met the "clear and unequivocal" waiver of removal standard for the Sixth Circuit. The district court based this finding on the fact that there is no federal court "actually physically located in Henderson County." *Id.* at *3.

Defendant argues primarily that the forum selection clause does not explicitly waive the right of removal and therefore does not meet the rigorous standard established in the Sixth Circuit. Defendant also argues that the case plaintiff primarily relies on, *Southeastern*, is out of line with Sixth Circuit authority.

3

The right to remove a case from state to federal court is a statutory right. *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F2d. 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441)).

> A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute. If the requirements of the removal statute are met, the right to removal is absolute. Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal.

*Id.* (citations omitted); *see also In re Delta Am. Re Ins. Co.*, 900 F.2d 890 (6th Cir. 1990).

The court has carefully reviewed the cases relied on by the defendant and finds that they are distinguishable because they lack the very specific waiver language that is present in the subject forum selection clause. In *Cadle Co. v Reiner, Reiner & Bendett, P.C.*, No. 4:06CV 1873, 2006 WL 3064092 (N.D. Ohio Oct. 26, 2006), a case relied on by defendant, the forum selection clause required, "All disputes . . . shall be resolved in the Newton Falls, Ohio Municipal court or the Trumball County, Ohio common Pleas Court, depending on the amount in controversy, and shall be resolved pursuant to the laws of the State of Ohio." *Id.* at *1. The district court held that the clause did not specifically waive the right to removal and denied the motion to remand.

The clause in this case, however, goes beyond just naming a specific court. It also states that the parties "waive any right to jurisdiction and venue in any other place."[1]

---

[1] In its definition of "forum," Black's Law Dictionary uses the word "place" by defining "forum" as "a place of jurisdiction." Black's Law Dictionary (8th ed. 2004).

While the parties' forum selection clause does not specifically reference removal, *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008), its plain language prohibits removal. The clause refers to a specific county in which there is no federal district court, unlike broad forum selection clauses that are more open ended. *See e.g., Regis Assocs.*, 894 F.2d at. 194 (broad clause requiring parties to submit to the jurisdiction of the Michigan Courts). In addition, as the plaintiff points out in its reply brief, the clause uses the term "adjudication." Black's Law Dictionary defines adjudication as: " 1. The legal process of resolving a dispute; the process of judicially deciding a case. 2. Judgment." Black's Law Dictionary (8th ed. 2004). By the plain language of the clause, the parties agreed to have their disputes judicially resolved or brought to judgment in Blount Count, Tennessee, and waived the right to both jurisdiction and venue in any other place.

Furthermore, the subject clause does not require that any action be filed or commenced in Blount County, Tennessee. Unlike the clauses in the cases relied on by defendant, the subject forum selection clause specifically uses the term "adjudication," which indicates that the parties intended their disputes to be fully resolved or brought to judgment in Blount County. In one of defendant's case authorities, for example, *Power Mktg. Direct, Inc. v. Ball*, No. 2:03-CV-1004, 2004 U.S. Dist. LEXIS 29068 (S.D Ohio Apr. 6, 2004), the district court addressed a forum selection clause requiring that any action, claim or demand arising under the agreement "shall be filed in the Common Please Court of Franklin County, Ohio." *Id*. at *2-3. The court found no waiver of removal and held: "There is no language

5

in the clause which prohibits removal from that court once it is filed. The clause does not specify that any dispute be litigated to its conclusion or resolved by that court." *Id*. at *4. The language in the subject selection clause is more precise and employs the specific term "adjudication" rather than "file" or "commence" regarding the contract. The use of this term as well as the specific waiver of venue and jurisdiction in any place (arguably forum) other than Blount County, Tennessee, renders the waiver clear and unequivocal.

Defendant contends by way of its manager's affidavit that it did not understand that it was waiving its right to remove lawsuits when it entered into the lawsuit. Such a representation is obviously self-serving. The parties here are business entities that presumably have representatives who read and understand the contracts that they sign on behalf of their principal. The case does not involve a consumer or a contract of adhesion where such a circumstance would be more persuasive.

Therefore, for the reasons set forth above, the motion to remand will be granted. This case will be returned to the state court in Blount County, Tennessee.

II.

*Fees and Costs*

Plaintiff requests that pursuant to 28 U.S.C. § 1447(c), it should be paid just costs and fees, including attorney's fees, incurred as a result of the removal. Section 1447(c) provides: "An order remanding the case may require payment of just costs and any actual

6

expenses, including attorney fees, incurred as a result of the removal." The decision whether to award such costs and attorney fees lies within the sound discretion of the district court. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). "District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c), and we will overrule whatever decision is reached only where such discretion has been abused." *Warthman v. Genoa Twp. Bd. of Trs.*, — F. 3d — , 2008 WL 5204930, at *2 (6th Cir. Dec. 15, 2008).

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court clarified the standard for awarding fees under section 1447(c). The Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. In *Warthman v. Genoa Township*, a very recent opinion by the Sixth Circuit in which it reviewed a district court's denial of costs and attorney's fees under § 1447(c), the Court discussed and relied on the *Martin* decision. The Sixth Circuit stated:

> As explained above, however, a district court deciding whether to award fees in this situation may not simply look to whether the complaint in the case referenced federal law.[2] It must instead decide whether the removal was objectively reasonable. The district court should deny fees when an objectively reasonable basis exists. On the other hand, in cases where the removal was not objectively reasonable or, in the words of this

---

[2] The district court dismissed plaintiff's cost and fees request in one sentence: "Because removal of the action was based upon plaintiff's reference in the Complaint to federal law, the Court concludes that an award of fees or costs to plaintiff would be unjust and would be unwarranted." *Warthman*, 2008 WL 5204930, at *4.

7

> court, where the removal attempt was not fairly supportable, the district court may exercise its discretion to award fees or not, keeping in mind the underlying purposes of § 1447(c) awards and the general presumption that fees should be awarded under such circumstances.

*Warthman*, 2008 WL 5204930, at *4 (quotation marks and citations omitted).

In addition, even though a district court might determine that removal was improper, that fact standing alone is not sufficient to warrant the award of fees and costs.

> There is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute makes such an award discretionary. Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them.

*Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

Plaintiff simply requests costs and attorney's fees without citing to any authority or making any argument in support of the request. Defendant cites to case authority and argues that it has a good faith basis for removing this case and that at the very least this matter presents "an unusual removal question," which in effect would justify removal.

The court has considered the record and finds in its discretion that an award of costs and attorney's fees is not warranted. The arguments presented by defendant in support of the removal and interpretation of the forum selection clause indicate that it had an "objectively reasonable basis" for seeking the removal. As noted above, the mere fact that removal was found to be improper is not a basis for granting costs and attorney's fees. *Id.*

8

Therefore, because the removal was objectively reasonable, plaintiff's request for costs and attorney's fees related to the removal will be denied.

Accordingly, for the reasons stated herein, the plaintiff's motion will be granted in part and denied in part. The motion will be granted to the extent it seeks remand of this case to state court. The motion will be denied to the extent it seeks costs and attorneys' fees. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge